## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ANGIE GILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO._____** |
| | ) | |
| **SIERRA DEVELOPMENT** | ) | |
| **GROUP, INC. d/b/a LOFTS** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant(s).** | ) | |

## COMPLAINT

Plaintiff Angie Gillis ("Plaintiff" or "Ms. Gillis") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended against Defendant Sierra Development Group, Inc. d/b/a LOFTS ("SDG") or Defendant.

## INTRODUCTION

Plaintiff was offered employment with Defendant on May 11, 2020 with a start date of May 18, 2020. The weekend before she was to start, Plaintiff got bitten by a spider and ended up in the hospital.  In the hospital Plaintiff ended up needing to have surgery. She also ended up with an infectious disease. These disabilities and/or perceived disabilities extended her hospital stay by more than a week. Plaintiff timely reported all the above to her employer.

Defendant was initially understanding and repeatedly told her that it was no problem to extend her start date. However, when Plaintiff further extended her start date she was terminated. Tellingly, Defendant told Plaintiff that she should focus on her recovery instead of becoming a member of their team. Plaintiff was discharged by Defendant in violation of the ADA and in retaliation for her use of protected ADA leave.

## JURISDICTION AND VENUE

1.    Plaintiff's ADA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 et seq. and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

2.    This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and (c) because all of the parties reside within the Northern District of Georgia, and the substantial majority of events giving rise to Plaintiff's claims occurred in this judicial district.

3.    Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

## ADMINISTRATIVE PROCEEDINGS

4.      On May 29, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Plaintiff's EEOC Charge is attached hereto and incorporated herein is **Exhibit A**.

5.      On April 29, 2022, the EEOC issued Plaintiff her notice of right to sue. Attached hereto and incorporated herein is **Exhibit B**.

6.      Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

7.      This suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## **<u>PARTIES</u>**

8.      Defendant is a domestic for-profit corporation organized under the laws of the state of Georgia and registered to conduct business in the state of Georgia.

9.      This Court has personal jurisdiction over Defendant.

10.    Defendant may be served through it's registered agent:

**James H. Daws**
**401 Cherry Street, Suite 600**
**Macon, GA, 31201**

if service or process is not waived.

## **FACTS**

11.     Plaintiff is a citizen of the United States and a resident of the state of Georgia.

12.     Plaintiff was offered employment with Defendant on May 11 2020, with a start date of May 18, 2020.

13.     The weekend before she was to start, Plaintiff got bitten by a spider and ended up in the hospital.

14.     In the hospital Plaintiff ended up needing to have surgery.

15.     She also ended up with an infectious disease.

16.     These disabilities and/or perceived disabilities extended her hospital stay by 2 weeks.

17.     Plaintiff timely reported all the above to her employer and sought a delayed starting date i.e. a disability accommodation.

18.     Defendant was initially understanding and repeatedly told her that it was no problem to extend her start date.  Specifically, Defendant did not communicate any undue hardship that Plaintiff's delayed start date would cause Defendant.

19.     However, when Plaintiff further extended her start due to her disability she was terminated.

20.     Tellingly, Defendant told Plaintiff that she should focus on her recovery instead of becoming a member of their team.

4

21.    Plaintiff was discharged by Defendant in violation of the ADA and in retaliation for her use of protected ADA leave.

## VIOLATION OF ADA

22.    Plaintiff incorporates by reference each and every preceding paragraph of this Complaint.

23.    Plaintiff has a disability as defined by the ADA.

24.    As detailed above, Plaintiff notified Defendant of her disability and her need for an accommodation.

25.    Defendant refused Plaintiff's accommodation suggestion and refused to engage in the deliberative process to come up with a reasonable accommodation.

26.    Defendant's actions violated the ADA.

27.    As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages, including but not limited to loss pay, job benefits, emotional distress, and all other damages allowed by law.

## RETALIATION

28.    Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

29.    As detailed above, Plaintiff engaged in protected activity under the ADA by requesting a disability accommodation.

30.     Plaintiff was terminated in retaliation for engaging in protected activity.

31.     Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

32.     Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

33.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)     a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA, as amended;

(b)     an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the ADA;

(c)     full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)     front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)     compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

 (g)     reasonable attorney's fees and costs;

 (h)     nominal damages, and

(i)     all other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of July 2022.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Street, Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039