IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANGIE GILLIS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 5:22-cv-00276-TES ) |
| **SIERRA DEVELOPMENT GROUP, INC.,** d/b/a LOFTS | ) ) ) |
| Defendant. | ) ) |

## CONSENT PROTECTIVE ORDER

The parties agree that certain business and personal information that will be exchanged is confidential and should be protected from re-disclosure to any third party, disclosure in the public domain, and, in particular, protected from use for any purpose (including any other litigation) outside of the above-captioned specific litigation. As such, and for such purposes, the parties stipulate to the terms of the following confidentiality provisions, and request that the Court enter an Order as follows:

1.    As used herein, the following words shall have the following meanings:

    a.    "Confidential" Information shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that the party designating the information as confidential (the "Designating Party") reasonably believes to fall within the following definition:

1

(1) Trade secret," as set forth in the Georgia Trace Secrets Act or the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

   a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

   b. Research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm, or

(2) Personal information protected from disclosure under [state or] federal law, or where disclosure of that information would be highly offensive to a reasonable person and is not of legitimate public concern (e.g. social security numbers).

(3) Notwithstanding any other provision in this Protective Order, the Order shall not apply to information that is publicly available, including:

   a. information or material that, prior to disclosure, was public information or knowledge;

   b. information and material that were, or after designation became, public information or knowledge (other than by an act or omission of a Party or others subject to this Protective Order); or

      c.    information that is legitimately and independently acquired from a source not subject to this Protective Order;

      d.    information that has been widely disseminated (whether outside or within an organization or corporation);

      e.    information that is more than 20 years old; or

      f.    information introduced as an exhibit at trial or as an exhibit to any dispositive motion filed in this case.

    b.    "Court" means the United States District Court for the Middle District of Georgia, Macon Division;

    c.    "Defendant" means Sierra Development Group, Inc. d/b/a Lofts and its officers, directors, and employees;

    d.    "Designated Material" means any material designated as "CONFIDENTIAL" as defined below;

    e.    "Disclosed" is used in its broadest sense and includes, *inter alia*, shown, divulged, revealed, produced, described or transmitted, in whole or in part;

    f.    "Discovery" is given the same meaning as ascribed to it under the Federal Rules of Civil Procedure;

    g.    "Non-party" means any natural person (acting in their individual or some other capacity), partnership, corporation, association or other legal entity not named as a party in the above-captioned action and pending in this Court;

    h.    "Outside Counsel" means the counsel of record in this action and their law firms as well as any attorney subsequently retained or designated by the parties to appear in this action;

    i.      "Party" or "parties" means the Plaintiff and/or Defendant in this action;

    j.      "Plaintiff" means Angie Gillis;

    k.      "Protected Person" means any party or non-party who furnishes or has furnished any Designated Material to any party that is sought in discovery in this action; and

    l.      "This action" means the civil action captioned above and pending in this Court.

2.    This Consent Protective Order shall be applicable to, and shall govern, all documents, deposition testimony, answers to interrogatories, answers to requests for admission and other discovery, whether informally produced or produced in response to a formal discovery request, which the Protected Person has designated "CONFIDENTIAL."

3.    In responding to formal or informal requests for discovery or information in this action, any Protected Person may designate as "CONFIDENTIAL" any of the documents or other discovery material described in Paragraph 2 that the Protected Person in good faith believes meets the definition of "CONFIDENTIAL" set forth above.

4.    Designated Material denominated as CONFIDENTIAL pursuant to this Consent Protective Order may be disclosed only to:

    a.      The Court and all persons assisting the Court in this action, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in the manner set forth in Paragraph 6 below;

    b.      Outside Counsel and the employees of such Outside Counsel;

    c.      Expert consultants, whether or not designated as a witness;

   d.  Outside vendors who perform photocopying or similar clerical functions in connection with this action, but only for so long as necessary to perform those services; and

   e.  The parties to this action, or officers or employees of the parties (only while employed by said party) provided that the receiving party (or its counsel) reasonably believes that disclosure to such persons is necessary to assist in the prosecution or defense of this action; and provided that, before making disclosure of Designated Material in accordance with the provisions of sub-paragraph (c) of this paragraph, the party intending to make disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit A) from the person to whom disclosure is to be made reciting that he or she has read a copy of this Consent Protective Order and agrees to be bound by the provisions contained herein.

   f.  To any other individual to whom, in good faith opinion of a party or counsel of record for a party, confidential information must be disclosed or transmitted to help prepare for the prosecution or defense of this action; provided that the party or counsel for the party making the disclosure or transmittal first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it.

5.  No party, any individual associated with a party and/or Outside Counsel shall use Designated Material for any purpose other than litigating this action.

6.  The designation of discovery material as "CONFIDENTIAL" for purposes of this Consent Protective Order shall be made in the following manner:

   a.  With respect to documents or other materials (apart from deposition testimony): by (i) electronic mail/written notice identifying the "CONFIDENTIAL"

document, answers to interrogatories, answers to requests for admission or other information or discovery material, (ii) by stamping each page of such material as "CONFIDENTIAL," or (iii) with respect to information shared for the purposes of mediation being used for in litigation by agreement of the parties, by electronic mail/written notice informing the other party/parties that such information is to be designated confidential and subject to this confidentiality stipulation.  The Designated Material, and all copies, excerpts, summaries or other disclosures of the Designated Material, shall be treated in accordance with the terms of this Order.  With respect to documents produced by Plaintiff or third parties which contain financial and/or medical information relative to Plaintiff, these documents shall automatically be deemed confidential without the necessity of being stamped "CONFIDENTIAL."

      b.     In the case of depositions, designation of a portion or all of the transcript (including exhibits) that contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record during the course of the deposition, or within ten (10) business days after a rough draft of the deposition transcript becomes available.  In this latter circumstance, the Protected Person designating testimony as CONFIDENTIAL" shall notify the court reporter of the pages and line numbers of the "CONFIDENTIAL" testimony, with a copy to all other parties.  If the designation is made with regard to only a portion of the deposition, the reporter attending such deposition shall thereafter indicate in that the following materials have been deemed confidential and the cover of the Deposition shall indicate that it contains "CONFIDENTIAL" information.  The parties may modify this procedure for any particular deposition through agreement of all Protected

Persons attending such deposition, as reflected on the record of such deposition, without further order.

8.  Any party shall have the right to challenge any designation of confidentiality by any Protected Person by making application to the Court that the Designated Material not be treated as "CONFIDENTIAL." In any such application, the burden of justifying any designation shall be on the person making such designation. Before seeking any relief from the Court under this paragraph, the parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document. During the pendency of said dispute, said documents, deposition testimony, answers to interrogatories, answers to requests for admission and/or other discovery shall be treated as "CONFIDENTIAL" in accordance with the designation by the Protected Person and the terms of this Consent Protective Order.

9.  This Order has no effect upon, and shall not apply to: (a) any Protected Person's use of its own Designated Material for any purpose; (b) a party's use of documents developed or obtained independent of discovery in this action for any purpose, even if another copy of the same document has been designated as "CONFIDENTIAL" pursuant to this Order; or (c) documents or other materials that are in the public domain in a form that is the same or substantially similar to that produced in this litigation.

10. Inadvertent production of any document(s), answers to interrogatories, answers to requests for admission, and other discovery without designating such material as "CONFIDENTIAL" shall not itself be deemed a waiver of the Protected Person's claim of confidentiality as to such material, and the Protected Person may within ten (10) days after discovery of the inadvertent production designate the same as "CONFIDENTIAL." Disclosure by any party of such matter prior to notice by the Protected Person of the confidential nature thereof

shall not be deemed a violation of this Order, but in all events, any person receiving a copy of "CONFIDENTIAL" material who not entitled to see such material pursuant to the terms of this Consent Protective Order, shall immediately return all such material and return any copies of such material to the Producing Party.

11. In the event any additional party joins or is joined in this action, the newly joined party shall be subject to the terms and conditions of this Order, unless and until this Court modifies any of the terms and/or conditions of this Order.

12. Nothing in this Order shall prevent disclosure of Designated Material with the written consent of the designating party (or its counsel) or Protected Person.

13. Within sixty (60) days of the final conclusion of this action, including, without limitation, any appeal or retrial, all Confidential documents must be destroyed by counsel.

15. This Order shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to the rules governing conflict of laws.

16. The obligations of this Consent Protective Order shall survive the termination of this action and continue to bind the parties and all persons above or who have executed confidentiality agreements in the form attached hereto as Exhibit A. The parties and all such persons consent to the exclusive jurisdiction of this Court for any litigation concerning this Order.

17. Notwithstanding anything to the contrary in this Order, it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant in any hearing or trial.

*** SIGNATURE ON FOLLOWING PAGE ***

Agreed to and respectfully submitted, this 27th day of January, 2023.

                THE MIXON LAW FIRM

                /s/ J. Stephen Mixon
                J. Stephen Mixon
                Georgia Bar No. 514050

3344 Peachtree Street, Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039

                CONSTANGY, BROOKS, SMITH
                & PROPHETE, LLP

                /s/ Alyssa K. Peters
                ALYSSA K. PETERS
                Georgia Bar No. 455211

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686 (facsimile)
apeters@constangy.com

This Consent Protective Order is hereby approved as an Order of this Court.

IT IS SO ORDERED.

Dated: January 27, 2023.

                                          S/ Tilman E. Self, III
                                        TILMAN E. SELF, III, JUDGE
                                        UNITED STATES DISTRICT COURT

# EXHIBIT A

9026205v.1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANGIE GILLIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 5:22-cv-00276-TES |
| | ) |
| **SIERRA DEVELOPMENT GROUP, INC.,** | ) |
| **d/b/a LOFTS** | ) |
| | ) |
| **Defendant.** | ) |

**UNDERTAKING FOR CONSENT PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____

_____.

2. I have received a copy of the Consent Protective Order in this action, and have read and understand its provisions.

3. I will comply with all of the provisions of such Consent Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Consent Protective Order, and will not copy for use for purposes other than this lawsuit, any information designed thereunder, except as expressly permitted thereunder.

Signature: _____

Dated: _____, ____

12

9026205v.1